UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH PEEK,

                Plaintiff,

-against-

AMERICAN EXPRESS,

                Defendant.

24-CV-8909 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Hall County, Georgia, brings this action *pro se*. Plaintiff asserts claims under the Fair Credit Billing Act, 15 U.S.C. § 1666. For the following reasons, this action is transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

    Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff resides in Gainesville, Georgia, and he alleges that he has a credit card issued by American Express with current charges totaling $56,227.73. (ECF 1 at 2.) Plaintiff references an identity theft report, in which he states that in August 2024, he discovered that beginning in June

2023, fraudulent charges had appeared on his account. (*Id.* at 5.) Plaintiff contends that Defendant American Express has "failed to replace the card and allowed additional unauthorized charges to occur." (*Id.* at 2.)

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff lists his address on the identity theft report in Gainesville, Georgia, and nothing suggests that any of the events giving rise to Plaintiff's claims took place within this district.

Plaintiff alleges that Defendant American Express resides in this district because it has a registered agent for service in this district. (ECF 1 at 1.)

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Hall County, Georgia, where Plaintiff resides. Hall County is in the Northern District of Georgia. 28 U.S.C. § 90(a)(1). Venue of this action therefore is proper under Section 1391(b)(2) in the Northern District of Georgia, where the claims arose.

Plaintiff's choice of this district is entitled to less weight because he does not reside in this district and his claims arose outside this district. The Northern District of Georgia appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of Georgia. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:  December 5, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge